## Stacey Van Valkenburg, Appellee, v. Granite Live Stock Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Stacey Van Valkenburg, plaintiff, against the Granite Live Stock Insurance Company, a corporation, defendant, to recover on a policy in defendant company insuring plaintiff's mare. From a judgment for plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

THOMAS J. GRAYDON and LINDLEY, PENWELL & LINDLEY, for appellant.

ACTON & ACTON, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 439*—*when provision for notice to insurer of accident to or illness of animal is valid.* A provision in a live-stock insurance policy that there should be no liability of the insurer thereunder for a loss if the assured in case of accident or sickness to the insured animal should fail to render "at once" notice to the insurer of such sickness or accident, with the name and address of the veterinary employed, *held* to be a reasonable, material and enforceable part of the contract of insurance.

2. INSURANCE, § 439*—*what is effect of failure to comply with provision in policy as to notice of sickness of or accident to animal.* Under a provision in a live-stock insurance policy that there should be no liability of the insurer thereunder for a loss if the assured in case of accident or sickness to the insured animal should fail to render "at once" notice to the insurer of such sickness or accident, with the name and address of the veterinary employed, *held* that the assured was bound to give such notice "at once" upon such sickness or accident under penalty upon failure to do so of a want of liability on the part of the insurer under the policy if death should result from such sickness or accident.

3. INSURANCE, § 439*—*what is meaning of words "at once" in provision in policy for notice of sickness of or injury to animal.* The words "at once" used in a live-stock insurance policy, providing that the assured should give notice "at once" to the insurer of any sickness or accident to the insured animal, *held* to mean what the average person would understand them to mean, namely, promptly, as soon as could reasonably be done, and not a full week after such sickness or accident.

4. INSURANCE, § 666*—*what is evidence of knowledge by insured of failure to give prompt notice of sickness of animal.* In an action to recover on a live-stock insurance policy, requiring the assured to give notice to the insurer "at once" of any sickness or accident to the insured animal, the fact that the assured when he filed his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

proofs of death of the insured animal stated that it first showed signs of sickness on July 6th, when the proof showed conclusively that it first showed signs of sickness on July 2nd and continued to grow steadily worse until its death, *held* to be strongly suggestive of the fact that the assured appreciated that notice of sickness had not been promptly given.

5. INSURANCE, § 441*—*what is not excuse for noncompliance with provision for notice of sickness of animal.* Under a provision in a live-stock insurance policy requiring the assured to give notice to the insurer "at once" of any sickness or accident to the insured animal, the fact that the assured was away from home when the animal was taken sick would not excuse him from performing such requirement; if he was not so situated, for any reason, that he could personally perform his contract in respect to giving such notice at once, it would be his imperative duty to arrange with others to perform it for him.

6. INSURANCE, § 666*—*when evidence sufficient to show failure to give required notice of sickness of animal.* Evidence *held* sufficient to show that the plaintiff did not give the defendant notice of the sickness of the insured animal within the time required of him by his contract, in an action to recover under a live-stock insurance policy for the death of the insured animal.